UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HOLBROOK,

       Petitioner,

v.                                      CASE NO. No. 19-13050
                                         HON. MARK A. GOLDSMITH

ROBERT VASHAW,

       Respondent.
_____/

## ORDER TRANSFERRING THIS CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

### I. INTRODUCTION

This matter has come before the Court on petitioner Charles Holbrook's applications for the writ of habeas corpus under 28 U.S.C. § 2254. Pets. (Dkts. 1, 3, 4). Holbrook is a state inmate at the St. Louis Correctional Facility in St. Louis, Michigan. He is challenging the following Kent County, Michigan convictions: two counts of possessing child sexually abusive material, Mich. Comp. Laws §750.145c(4); two counts of allowing a child to engage in child sexually abusive activity, Mich. Comp. Laws §750. 145c(2); two counts of producing child sexually abusive material, Mich. Comp. Laws §750.145c(2); one count of accosting a child for immoral purposes, Mich. Comp. Laws §750.145a, and one count of being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f. See People v. Holbrook, No. 298869, 2011 WL 5064266, at *1 (Mich. Ct. App. Oct. 25, 2011) (per curiam). Holbrook was sentenced to prison for fifteen to forty years for four of the counts and shorter concurrent terms for the other counts. The Michigan Court of Appeals affirmed his convictions, see id., and the Michigan Supreme Court denied leave to appeal. See People v. Holbrook, 817 N.W.2d 78 (Mich. 2012).

On October 16, 2019, Holbrook filed his habeas corpus petition (Dkt. 1.) He did not list any grounds for relief, but he asks for a hearing and for a transfer to federal custody. 10/16/19 Pet. at 14 (Dkt. 1).

In a second petition filed in this case on November 1, 2019, Holbrook asks the Court to declare that his Kent County convictions are illegal. 11/1/2019 Pet. at 1 (Dkt. 3). He also alleges that he has never been allowed to defend himself in any court, that there has been no crime, and that the State has no evidence of any crime. Id., at 2. Additionally, he contends that there has not been a first habeas action in any court and that there is no "second or successive" petition. Id., at 3.

In a third petition filed in this case on November 12, 2019, Holbrook appears to be saying that the Sixth Circuit Court of Appeals has denied him relief in twenty-four cases. 11/12/2019 Pet. at 1 (Dkt. 4) He contends that his petitions for relief in the Sixth Circuit were "shot down" and that the Sixth Circuit "does nothing." Id.

## II. DISCUSSION

Holbrook has filed more than two dozen habeas corpus petitions in federal court. See Holbrook v. Unknown Parties, No. 1:17-cv-807, Order, at. 3-5 (W.D. Mich. Nov. 7, 2019) (collecting cases). Therefore, a threshold question is whether this Court has jurisdiction to entertain Holbrook's current petitions, because "[t]he Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA') limits the authority of federal courts to grant relief to individuals who previously filed a habeas petition" in federal district court. In re Tibbetts, 869 F.3d 403, 405 (6th Cir. 2017), cert. denied, 138 S. Ct. 661 (2018). Among other things, AEDPA "requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive' petition in district court." Id. (citing 28 U.S.C. § 2244(b) and In re Stansell, 828 F.3d 412, 414 (6th Cir. 2015)). The Sixth Circuit has noted the following:

> Not every numerically second petition is 'second or successive' for purposes of AEDPA. Slack v. McDaniel, 529 U.S. 473, 487, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (a petition filed after a mixed petition has been dismissed before the district court has adjudicated any claim is not a second or successive petition); Stewart v. Martinez-Villareal, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (a numerically second petition alleging a claim that was contained in a first petition, but dismissed as unripe, is not second or successive)[.]

In re Bowen, 436 F.3d 699, 704 (6th Cir. 2006). Nevertheless, if a numerically second petition is "second or successive," and if it was "filed in the district court without prior authorization from the appropriate court of appeals, the district court must transfer the document to the court of appeals." In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

In 2013, Holbrook filed a habeas corpus petition in which he challenged his convictions on grounds that the evidence at trial was insufficient and the trial court erroneously admitted certain testimony and evidence at trial. United States District Judge Bernard A. Friedman denied the petition on the merits. See Holbrook v. Rapelje, 2:13-cv-13137 (E.D. Mich. Apr. 1, 2016). Therefore, Holbrook's current applications for the writ of habeas corpus are "second or successive" petitions under § 2244(b). Furthermore, he has not acquired permission to file a second or successive habeas petition, and this Court lacks jurisdiction to consider a second or successive habeas petition without pre-authorization from the appropriate Court of Appeals. Franklin v. Jenkins, 839 F.3d 465, 475 (6th Cir. 2016), cert. denied, 137 S. Ct. 2188 (2017).

Accordingly, the Court orders the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) and In re Sims, 111 F.3d at 47.

SO ORDERED.

Dated: December 20, 2019       s/Mark A. Goldsmith
    Detroit, Michigan               MARK A. GOLDSMITH
                                        United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 20, 2019.

                                                  s/Karri Sandusky
                                                  Case Manager